IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES FREBES, MICHAEL ARGEROPOULOS and MARC HOCHMUTH, <br><br> Individually, and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MASK RESTAURANTS, LLC, d/b/a TAVERN AT THE PARK, PETER de CASTRO, JR. and DONNY de CASTRO <br><br> Defendants. | Case No. 13-cv-3473 <br><br> PLAINTIFFS' CLASS AND COLLECTIVE ACTION COMPLAINT <br><br> (JURY TRIAL DEMANDED) |

Plaintiffs, JAMES FREBES, MICHAEL ARGEROPOULOS and MARC HOCHMUTH, individually and on behalf of all other similarly situated employees, by and through their attorneys, Stephan Zouras, LLP, bring this class action pursuant to the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq*., the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/1, *et seq*., and as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. (FLSA), to recover unpaid wages, liquidated damages, attorneys' fees and costs, and allege, upon personal belief as to themselves and their own acts, and as for all other matters upon information and belief, and based upon the investigation made by their counsel, as follows:

1

## INTRODUCTION

1.    Named Plaintiffs and the persons they represent are current and former tipped employees of Defendants working as servers, bartenders and bus boys. Defendants paid these employees sub-minimum hourly wages under the tip-credit provisions of the IMWL and FLSA. These provisions permit employers of tipped employees to pay wages of less than the minimum wage, provided employers comply with all other requirements of the tip-credit provisions.

2.    Defendants violated these requirements by requiring their servers, bartenders and bus boys to participate in an invalid tip pool, whereby servers, bartenders and bus boys must pay a percentage of their tips to Defendants, which then distribute that portion of their tips to employees who do not customarily and regularly receive tips.

3.    As a result of Defendants' improper use of the tip credit provisions of the IMWL and FLSA, Defendants paid regular compensation to Named Plaintiffs and the persons they represent based on an incorrectly low regular rate of pay.

## JURISDICTION AND VENUE

4.    This case is brought as an Illinois class action to recover unpaid minimum wages and overtime under the IMWL, and the IWPCA, and as a collective action pursuant to the FLSA.

5.    This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction." Each Representative Plaintiff has signed an opt-in consent form. (Group Exhibit A).

6. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because the Defendants reside in this District and do business within it. In addition, a substantial part of the events and omissions giving rise to the claim plead in this Complaint occurred within this District.

## THE PARTIES

8. Named Plaintiff James Frebes worked as an hourly-paid, non-exempt server for Defendants at their restaurant located at 130 East Randolph Street, Chicago, Illinois, during the applicable statute of limitations period.

9. Named Plaintiff Michael Argeropoulos worked as an hourly-paid, non-exempt server for Defendants at their restaurant located at 130 East Randolph Street, Chicago, Illinois, during the applicable statute of limitations period.

10. Named Plaintiff Marc Hochmuth worked as an hourly-paid, non-exempt server and bartender for Defendants at their restaurant located at 130 East Randolph Street, Chicago, Illinois, during the applicable statute of limitations period.

11. Each Named Plaintiff, like those they represent, were "tipped employee(s)" of Defendants as defined by the IMWL, 820 ILCS 105/3(d) and the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(m). Named Plaintiffs and those they seek to represent all shared similar job titles, training, compensation plans, job descriptions and job requirements.

12. Defendant MASK RESTAURANTS, LLC is an Illinois corporation doing business as TAVERN AT THE PARK. At all material times, MASK RESTAURANTS,

3

LLC regularly and customarily transacted business within this judicial district. At all times hereinafter mentioned, Defendant MASK RESTAURANTS, LLC has been and is an "employer" within the meaning of the IMWL, 820 ILCS 105/3(c), and the FLSA, 29 U.S.C. §203(d).

13. Defendant PETER de CASTRO, JR. is an owner, operator and manager of MASK RESTAURANTS, LLC. At all material times, PETER de CASTRO, JR. was involved in the day to day business operation of MASK RESTAURANTS, LLC, and had the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, employee compensation, employee timekeeping and capital expenditures. At all relevant times, PETER de CASTRO, JR. acted and had responsibility to act on behalf and in the interests of MASK RESTAURANTS, LLC in devising, directing, implementing and supervising the wage and hour practices and policies relating to hourly-paid employees. As such, at all times hereinafter mentioned, Defendant PETER de CASTRO, JR. has been and is an "employer" within the meaning of the IMWL, 820 ILCS 105/3(c), and the FLSA, 29 U.S.C. §203(d).

14. Defendant DONNY de CASTRO is an operator and manager of MASK RESTAURANTS, LLC. At all material times, DONNY de CASTRO was involved in the day to day business operation of MASK RESTAURANTS, LLC, and had the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications,

employee compensation, employee timekeeping and capital expenditures. At all relevant times, DONNY de CASTRO acted and had responsibility to act on behalf and in the interests of MASK RESTAURANTS, LLC in devising, directing, implementing and supervising the wage and hour practices and policies relating to hourly-paid employees. As such, at all times hereinafter mentioned, Defendant DONNY de CASTRO has been and is an "employer" within the meaning of the IMWL, 820 ILCS 105/3(c), and the FLSA, 29 U.S.C. §203(d).

15. Defendants managed Named Plaintiffs' work and the work of those they represent, including the amount of time worked, the amount of time recorded and compensation paid. Defendants dictated, controlled and ratified the wage and hour and all related employee compensation policies.

16. At all material times, Defendants were an "enterprise engaged in commerce" within the meaning of the FLSA. 29 U.S.C. 203(s).

## NATURE OF THE SUIT

17. Named Plaintiffs bring class claims under the IMWL on behalf of themselves and others who currently or formerly worked as hourly non-exempt servers, bartenders, bus boys, or other tipped employees performing similar responsibilities for the Defendants in Illinois at any time during the three years immediately preceding the filing of the original complaint (hereinafter "IMWL Statutory Period").

18. Named Plaintiffs bring class claims under the IWPCA on behalf of themselves and others who currently or formerly worked as hourly non-exempt servers, bartenders, bus boys or other tipped employees performing similar responsibilities for the Defendants

in Illinois at any time during the ten years immediately preceding the filing of the original complaint (hereinafter "IWPCA Statutory Period").

19. Named Plaintiffs bring a collective action under the FLSA on behalf of themselves and others who currently or formerly worked as hourly non-exempt servers, bartenders, bus boys, or other tipped employees performing similar responsibilities for the Defendants in Illinois at any time during the three years immediately preceding the filing of the original complaint (hereinafter "FLSA Statutory Period").

## CLASS ACTION ALLEGATIONS

20. The IMWL allows employers to pay less than minimum wage to employees who receive tips. 820 ILCS 105/4(c). In doing so, an employer may take a "tip credit", which allows employers to include in their calculation of tipped employees' wages in an amount that an employee receives in tips not to exceed 40% of the minimum wage. *Id.*

21. In order to apply a tip credit toward an employee's minimum wage under Illinois law, an employer must satisfy several conditions, including providing "substantial evidence that the amount claimed … was received by the employee in the period for which the claim of exemption is made, and no part thereof was returned to the employer." *Id.*

22. Defendants violated the IMWL by requiring their servers to participate in an invalid tip pool, whereby servers must pay a percentage of their tips to Defendants. Defendants then distributed that portion of tips to employees who do not customarily and regularly receive tips.

23. The IMWL requires employers to pay employees minimum wages for all hours worked. 820 ILCS 105/4, *et seq.* Section 105/12(a) provides that employers who violate

6

the provisions of the IMWL are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief. 820 ILCS 105/12(a).

24. As a result of Defendants improper use of the tip credit provisions of the IMWL, Defendants paid regular compensation to Plaintiffs based on an incorrectly low regular rate of pay.

25. Section 2 of the IWPCA, 820 ILCS 115/2, defines wages as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties … ."

26. Section 4 of the IWPCA, 820 ILCS 115/4, provides that, "All wages earned by any employee during a weekly pay period shall be paid not later than 7 days after the end of the weekly pay period in which the wages were earned."

27. Section 5 of the IWPCA, 820 ILCS 115/5, provides that, "Every employee shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for each such employee."

28. Defendants agreed not to distribute Plaintiffs' tips to employees who do not customarily and regularly receive tips.

29. Defendants violated the IWPCA by breaching their agreement to not distribute Plaintiffs' tips to employees who do not customarily and regularly receive tips.

30. Accordingly, Plaintiffs bring their claims for relief individually and as a class action pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure. The IMWL class is defined as:

All individuals who are currently or formerly employed by one or more of the Defendants as servers, bartenders and bus boys in Illinois at any time during the three years immediately preceding the filing of the original complaint (hereinafter "the IMWL Class").

31. The IWPCA class is defined as:

All individuals who are currently or formerly employed by one or more of the Defendants as servers, bartenders and bus boys in Illinois at any time during the ten years immediately preceding the filing of the original complaint (hereinafter "the IWPCA Class").

32. This action is properly maintainable as a class action under Rules 23(a) and (b) because:

    A.    The class is so numerous that joinder of all members is impracticable;

    B.    There are questions of law or fact that are common to the class;

    C.    The claims or defenses of the Named Plaintiffs are typical of the claims or defenses of the class; and,

    D.    The Named Plaintiffs will fairly and adequately protect the interests of the class.

### **Numerosity**

33. On information and belief, the total number of putative class members represents well over one hundred individuals. The exact number of class members may be determined from Defendants' payroll records.

### **Commonality**

34. There are numerous and substantial questions of law and fact common to members of the IMWL and IWPCA classes including, but not limited to, the following:

    A.  Whether Defendants required Plaintiffs to participate in a tip pool in which their tips were distributed to employees who do not customarily and regularly receive tips;

B. Whether Defendants distributed Plaintiffs' tips to employees who do not customarily and regularly receive tips;

C. Whether Defendants agreed not to distribute Plaintiffs' tips to employees who do not customarily and regularly receive tips;

D. Whether Defendants took a "tip credit" in an amount no more than 40% of the minimum wage;

E. Whether Defendants provide substantial evidence that no part of Plaintiffs' tips was returned to Defendants;

F. Whether Defendants failed to keep true and accurate records of the amount of tips received by Plaintiffs;

G. Whether Defendants failed to keep true and accurate records of how they distributed Plaintiffs' tips; and,

H. Whether Plaintiffs suffered damages and the proper measure of those damages.

35. Plaintiffs anticipate that Defendants will raise defenses that are common to the class.

36. The damages suffered by the class members arise from the same nucleus of operative facts. Moreover, damages can be calculated by using a mathematical formula which applies to each class member.

## Adequacy

37. The Named Plaintiffs will fairly and adequately protect the interests of the class. They have retained experienced counsel that is competent in the prosecution of complex litigation and who have extensive experience acting as class counsel specifically for wage and hour litigation.

**Typicality**

38.     The claims asserted by the Named Plaintiffs are typical of the class members they seek to represent. The Named Plaintiffs have the same interests and suffer from the same unlawful practices as the class members.

39.     Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Rule 23.

**Superiority**

40.     A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for Named Plaintiffs and the class members to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

## COLLECTIVE ACTION ALLEGATIONS

41. The FLSA allows employers to pay less than minimum wage to employees who receive tips. 29 U.S.C. 203(m). In doing so, an employer may take a "tip credit", which allows employers to include in their calculation of tipped employees' wages in an amount that an employee receives in tips. *Id*.

42. In order to apply a tip credit toward an employee's minimum wage under the FLSA, an employer must satisfy several conditions, including: (1) the employer must inform the employee that it will take a tip credit; and, (2) tipped employees must retain all the tips they receive, except those tips included in a valid tipping pool among employees who customarily and regularly receive tips. *Id*.

43. Defendants violated the FLSA by requiring their servers to participate in an invalid tip pool, whereby servers, bartenders and bus boys must pay a percentage of their tips to Defendants. Defendants then distributed that portion of tips to employees who do not customarily and regularly receive tips.

44. The FLSA requires employers to pay minimum wages for all hours worked. 29 U.S.C. § 201, *et seq*.

45. As a result of Defendants improper use of the tip credit provisions of the FLSA, Defendants paid regular compensation to Plaintiffs based on an incorrectly low regular rate of pay.

46. At all material times, Defendants' failure to pay wages at the correct rate of pay was willful.

47. Accordingly, Plaintiffs bring this collective action to recover unpaid regular wages under the FLSA.

## COUNT I

### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW: CLASS ACTION FOR UNPAID MINIMUM WAGES

48. Plaintiffs restate and incorporate all the above paragraphs by reference.

49. Plaintiffs are members of a class that meets the requirements of for certification and maintenance of a class action pursuant to Rules 23(a) and (b).

50. Defendants violated the IMWL, 820 ILCS § 105, *et seq.,* by regularly and repeatedly failing to properly pay regular compensation to Plaintiffs.

51. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

## COUNT II

### VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT: CLASS ACTION FOR UNPAID MINIMUM WAGES OWED PURSUANT TO AN EMPLOYMENT AGREEMENT

52. Plaintiffs restate and incorporate all the above paragraphs by reference.

53. Plaintiffs are members of a class that meets the requirements of for certification and maintenance of a class action pursuant to Rules 23(a) and (b).

54. Defendants violated the IWPCA, 820 ILCS 115/1, *et seq*., by regularly and repeatedly breaching their agreement to not distribute Plaintiffs' tips to employees who do not customarily and regularly receive tips.

55. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

## COUNT III

### VIOLATION OF THE FAIR LABOR STANDARDS ACT: COLLECTIVE ACTION FOR UNPAID MINIMUM WAGES

56. Plaintiffs restate and incorporate all the above paragraphs by reference.

57. As a result of Defendants' improper use of the tip credit provisions of the FLSA, Defendants paid wages to Plaintiffs based on an incorrectly low regular rate of pay.

58. At all material times, Defendants' failure to pay wages at the correct rate of pay was willful.

59. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, JAMES FREBES, MICHAEL ARGEROPOULOS and MARC HOCHMUTH, individually and on behalf of all others similarly situated, by and through their attorneys, STEPHAN ZOURAS, LLP, demand judgment against the Defendants, jointly and severally, and in favor of the Plaintiffs and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiffs and the members of the class and collective action for the nature, extent and duration of their damages, the costs of this action and as follows:

    A. Certify a class under Counts I and II;

    B. Appoint Stephan Zouras, LLP as class counsel;

    C. Order the Defendants to file with this Court and furnish to counsel a list of all names and addresses of all tipped employees employed by Defendants who currently work or have worked for Defendants within the last three years under Count III;

    D. Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all current and former tipped employees employed by the Defendants during the applicable statutory period, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit under Count III;

    E. Declare and find that the Defendants committed one or more of the

  following acts:

   i. Violated the Illinois Minimum Wage Law, 820 ILCS §105, *et seq.*;

   ii. Violated the Illinois Wage Payment and Collection Act, 820 ILCS §115, *et seq.*;

   iii. Violated the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*; and,

   iv. Willfully the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*;

D.  Award compensatory damages, including all regular pay owed, in an amount according to proof;

E.  Award 2% per month interest on all regular and overtime compensation due accruing from the date such amounts were due until it is paid as required by the IMWL;

F.  Award interest on all compensation due accruing from the date such amounts were due as required by the FLSA;

G.  Award liquidated damages on all compensation due accruing from the date such amounts were due as required by the FLSA;

H.  Award all costs and reasonable attorney's fees incurred prosecuting this claim;

I.  Grant leave to amend to add claims under applicable state and federal laws;

J.  Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

F.  For such further relief as the Court deems just and equitable.


Dated: May 9, 2013       Respectfully Submitted,


                /s/ *James B. Zouras*
                James B. Zouras
                Ryan F. Stephan
                Andrew C. Ficzko

Stephan Zouras, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
312-233-1550
312-233-1560 f
www.stephanzouras.com

**ATTORNEYS FOR PLAINTIFFS**