**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAMES FREBES, MICHAEL ARGEROPOLOUS, and MARC HOCHMUTH, Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MASK RESTAURANTS, LLC, d/b/a TAVERN AT THE PARK, PETER de CASTRO, JR. and DONNY de CASTRO,<br><br>Defendants. | Case No. 13 C 3473<br>Hon. Judge Aspen |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

James Frebes, Michael Argeropolous and Marc Hochmuth ("Plaintiffs"), individually and on behalf of similarly-situated plaintiffs, filed a three-count complaint against their employers Donny de Castro, Peter de Castro, Jr., and Mask Restaurants, LLC ("Defendants"). (Compl. ¶¶ 12–13.) Plaintiffs allege that they received an incorrect sub-minimum wage rate due to Defendants' misuse of a tip credit, resulting in violations of the Fair Labor Standards Act ("FLSA"), the Illinois Wage Payment and Collection Act ("IWPCA"), and the Illinois Minimum Wage Law ("IMWL"). Plaintiffs claim that Defendants forced Plaintiffs to tip-out employees, specifically food runners, who were improperly added to the tip pool. (*Id.*) Presently before us is Defendants' Motion to Dismiss (Dkt. No. 14), filed pursuant to Federal Rules of Civil Procedure 12(b)(6). As set forth below, we grant the motion without prejudice.

1

**BACKGROUND**

We draw the following facts directly from the complaint and accept them as true for purposes of the present motion. When Plaintiffs worked as servers at Defendants' restaurant, Tavern at the Park, Defendants utilized a tip credit, which generally permits an employer to pay an employee less than minimum wage by crediting an amount of the employee's actual tips towards the minimum wage requirements. Defendants required Plaintiffs to give a percentage of their tips to Defendants, who then distributed a portion to a pool of other employees that included food runners. Plaintiffs allege that Defendants violated the FLSA and IMWL because food runners are not customarily tipped employees. Accordingly, Plaintiffs contend that Defendants did not pay them the required minimum wage. In addition, Plaintiffs claim that Defendants violated the IWPCA by breaching their agreement not to dilute the tip pool and by failing to accurately and timely provide and record their wages. (*See* Compl. ¶¶ 2–3, 22, 24–29, 34, 42–43.) In short, Plaintiffs assert that Defendants' inclusion of the food runners in the tip pool was improper use of the tip credit and resulted in these statutory violations.

**STANDARD OF REVIEW**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). Pursuant to Federal Rule of Civil Procedure Rule 8(a)(2), a complaint

must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, a court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1949–50 (2009); *Swanson v. Citibank*, N.A., 614 F.3d 400, 404 (7th Cir. 2010); *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. "These requirements ensure that the defendant receives fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965.

## ANALYSIS

For an employer to take advantage of the tip credit provisions of the FLSA and the IMWL, it cannot give pooled tips to customarily non-tipped employees. *See* 29 U.S.C. § 203(m)(2); 820 ILCS 105/4©; *see also Arango v. Landry's*, No. 12 C 9354, 2013 WL 3671704, at *4 (N.D. Ill. July 12, 2013); *Williams-Green v. J. Alexander's*

3

*Rests, Inc.*, 277 F.R.D. 374, 378–79 (N.D. Ill. 2011). The IWPCA governs the proper timing and payment of wages for employees. *See* 820 ILCS 115/1 *et seq.* According to Plaintiffs, if Defendants paid them a sub-minimum wage in contravention of the FLSA and IMWL, Defendants also violated the IWPCA. Plaintiffs' ability to proceed on all three claims thus hinges on whether they have alleged that Defendants improperly treated food runners as tipped employees.

A.     **Law Governing Tipped Employees**

The IMWL and the FLSA both allow employers to pay less than the minimum wage to tipped employees under certain conditions. 29 U.S.C. § 203(t) (defining "tipped employee" as someone who "customarily and regularly receives more than $30 a month in tips"); 820 ILCS 105/4© (allowing use of gratuities for part of the hourly wage so long as the tip credit does not exceed 40% of that applicable minimum wage rate). This tip credit may be used to compensate the employer for part of the hourly wage of a tipped employee, so long as the tipped employee earned the amount withheld or more in tips. 29 U.S.C. § 203(m); 820 ILCS 105/4©. To take advantage of this credit, employers must: (1) notify the tipped employee about the tip credit provision; and (2) allow the tipped employee to retain all tips—unless the employee pools tips with other tipped employees and then they split the pot. *See* 29 U.S.C. § 203(m) (explicitly allowing "the pooling of tips among employees who customarily and regularly receive tips"); 820 ILCS 105/4©; *Arango*, 2013 WL 3671704, at *4; *Driver v. AppleIllinois, LLC*, 917 F. Supp. 2d 793, 795–96 (N.D. Ill. 2013).

B.  **Sufficiency of the Allegations**

With these principles in mind, we turn to Plaintiffs' claims. Plaintiffs allege that they are tipped employees, as defined by the FLSA and IMWL. (Compl. ¶ 11.) They allege that they were forced to share tips with "food runners," who do not qualify as "tipped employees" under either statute. (*Id.* ¶¶ 22, 29, 43.) As Defendants point out, Plaintiffs do not otherwise describe the food runners. (Mem. at 4–7; Reply at 6–9.)

Plaintiffs contend that they did not need to plead specific facts describing the food runners and their non-tipped status because Defendants bear the burden of proving legitimate use of a tip pool. (Resp. at 2.) Plaintiffs are correct that Defendants ultimately bear the burden of proving that the tip pool at issue did not include non-tipped employees. *See Driver*, 917 F. Supp. 2d at 800 (noting that the employer bears the burden of establishing entitlement to the tip credit). But Plaintiffs must first allege sufficient facts from which we could infer that Defendants plausibly violated the FLSA and IMWL, and thus, the IWPCA. Instead, the complaint alleges only the bare conclusion that Defendants' food runners are not, and should not have been treated as, tipped employees.

Various authorities have analyzed the differences between tipped and non-tipped employees. The Department of Labor, for example, has outlined a few examples, although there is no clear dividing line between tipped and non-tipped occupations. *See* 29 C.F.R. § 531.56 (e) (discussing dual job situations, where employees perform some tipped work and other non-tipped work at their jobs). Cases addressing this question have considered several factors, including "the job duties of the employees and their level of interactivity with customers." *Arango*, 2013 WL 3671704, at *4; *see also Myers*

5

*v. Copper Cellar Corp.*, 192 F.3d 546, 550–51 (6th Cir. 1999) (concluding that employees who prepared salads in kitchens, with no customer contact, did not customarily receive tips and thus were non-tipped employees); *Kilgore v. Outback Steakhouse of Florida Inc.,* 160 F. 3d 294, 297–98 (6th Cir. 1998) (holding that hosts could be considered tipped employees because they had more than minimal contact with guests). Another useful factor is whether the employees' tip pooling arrangement "is an ongoing one based on a voluntarily-arrived-at understanding." *Turner v. Millennium Park Joint Venture, LLC*, 767 F. Supp. 2d 951, 954 (N.D. Ill. 2011) (emphasizing that, although tipped employees cannot be forced to share tips, they may wish to do so in customer service situations where good service will result in better tips that "sweeten the pot for everyone").

Based on this precedent and our review of the complaint, we conclude that more detail is necessary for Plaintiffs to adequately allege that food runners are non-tipped employees. At present, Plaintiffs' claims rest solely on the job title of the food runners—but that job title tells us nothing about the underlying facts. Plaintiffs have not alleged, for example, what food runners do at Tavern at the Park, including their specific job duties, how much time they spend on each duty, whether and how often they interact with customers, and how they are paid. Plaintiffs have not described how the tip pooling arrangement was formed, or how it operated with respect to tipped employees or food runners. The complaint thus lacks sufficient factual content from which we could draw the reasonable inference that Defendants have engaged in the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; s*ee also Roberts v. Apple Sauce, Inc.,* No. 12 C 830, 2013 WL 2083467, at *6–7 (N.D. Ind. May 13, 2013) (dismissing tip pooling claim in

6

part because plaintiffs failed to allege how long purportedly non-tipped employees spent on their non-tipped duties). Accordingly, we grant Defendants' motion.

Because the complaint's defects are curable, however, we grant Plaintiffs leave to file an amended complaint, if they can do so consistent with this opinion. Plaintiffs may file any such amended complaint no later than October 4, 2013.

## CONCLUSION

For the reasons set forth above, we grant Defendants' Motion to Dismiss, without prejudice. If they choose to do so, Plaintiffs may file an amended complaint consistent with this opinion no later than October 4, 2013.

_____
Marvin E. Aspen
United States District Judge

Dated:	Chicago, Illinois
	September 18, 2013

7