# EXHIBIT A

# NOTICE REGARDING PROPOSED SETTLEMENT OF CLASS ACTION

**FREBES, ET AL. V. MASK RESTAURANTS, LLC, d/b/a TAVERN AT THE PARK, ET AL.**
United States District Court, Northern District of Illinois, Case No. 13-CV-3473

## IMPORTANT LEGAL NOTICE: PLEASE READ

A proposed settlement (the "Settlement") has been reached between James Frebes, Michael Argeropoulos and Marc Hochmuth (the "Plaintiffs" or "Class Representatives") Mask Restaurants, LLC, Peter de Castro, Jr. and Donny de Castro (collectively, "Defendants"), in the above-referenced class action lawsuit currently pending in the United States District Court for the Northern District of Illinois captioned *Frebes, et al. v. Mask Restaurants, LLC, d/b/a Tavern at the Park, et al.*, Case No. 13-CV-3473 (the "Litigation"). Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully. <u>As explained in more detail below, to receive proceeds from the Settlement, no action is required by you.</u>

### A. PURPOSE OF THIS NOTICE

On **May 8, 2014**, the Court has certified, for settlement purposes only, the following class (the "Settlement Class"):

> All persons who worked as Servers, Bartenders or Bussers for Defendants at any time between May 9, 2010, and May 8, 2014 (the "Class Period").

According to Defendants' records, you are a member of the Class ("Class Member"). The purpose of this Notice is to inform you about the proposed Settlement and to explain your rights and options with respect to the Litigation and the Settlement.

### B. DESCRIPTION OF THE LITIGATION

On May 9, 2013, Plaintiffs filed an action against Defendants alleging that they and other servers, bartenders and bussers were required to pay a percentage of their tips to Defendants, who then distributed a portion of those tips to employees who did not regularly receive tips, in violation of federal and state wage law. As a result, Plaintiffs allege that they were deprived of minimum wages in violation of the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, *et seq.*), the Illinois Wage Payment and Collection Act (820 ILCS 115, *et seq.*,) and the Illinois Minimum Wage Law ("IMWL") (820 ILCS § 105, *et seq.*).

Defendants deny all the claims asserted in the Litigation, deny any and all liability or wrongdoing of any kind whatsoever associated with any of the facts or claims alleged in the Litigation, and make no concessions or admissions of wrongdoing or liability of any kind whatsoever. Defendants maintain that they complied with all applicable state and federal laws with respect to the payment of Plaintiffs. Defendants also maintain that the Litigation is not suitable or appropriate for class or collective action treatment pursuant to either Federal Rule of Civil Procedure 23 or 29 U.S.C. § 216(b).

The parties in the Litigation disagree as to the probable outcome with respect to liability and damages if it were not settled. While the Class Representatives were prepared to proceed with litigating the claims described above, the Class Representatives recognize that litigating is a risky proposition and that they may not have prevailed on any or all of their claims. Likewise, while Defendants were confident that they had strong legal arguments and factual arguments that would resolve the Class Representatives' claims in Defendants' favor, they recognize the risks, distractions, and costs involved with litigation.

This Settlement is the result of good-faith, arm's-length negotiations between the Class Representatives and Defendants, through their respective attorneys. Both sides agree that in light of the risks and expense associated with continued litigation, this Settlement is fair and appropriate under the circumstances, and in the best interests of the Class Members.

| The attorneys for the Class Members are: | The attorneys for Defendants are: |
|---|---|
| James B. Zouras | James B. Hiller |
| Ryan F. Stephan | Brian Roth |
| Andrew C. Ficzko | GORDON & REES LLP |
| STEPHAN ZOURAS, LLP | One North Franklin Street, Suite 800 |
| 205 N. Michigan Avenue, Suite 2560 | Chicago, IL 60606 |
| Chicago, IL 60601 | Tel: 312.565.1400 |
| Tel: 312.233.1550 | Tel: 312.565.6511 |
| Fax: 312.233.1560 | |

On XX, 2014, the Court granted preliminary approval of the proposed Settlement. The Court will decide whether to give final approval to the proposed Settlement at a hearing scheduled for **XX, 2014** ("Final Approval Hearing"). *See* Paragraph I below for details.

### C. SUMMARY OF TERMS OF THE PROPOSED SETTLEMENT

Subject to Court approval, the terms of the Settlement are as follows:

1. Defendants will pay $502,233.05 (the "Settlement Amount") to pay: (a) all Settlement Payments; (b) all court-approved attorneys' fees and costs; (c) all fees and costs of the Settlement Administrator in administering the Settlement; and, (d) all service payments to the Class Representatives.

2. After deduction from the Settlement Amount for attorneys' fees, litigation costs, service payments to the Class Representatives, and the costs of administering the Settlement, from the remaining amount (the "Net Settlement Amount"), Defendants

will make a settlement payment to each Class Member who does not opt-out of the Settlement (collectively, "Participating Class Members"). Payments will be allocated according to a formula which is based on the number of hours each Class Member worked for Defendants as a Server, Bartender or Busser during the Class Period.

3. The parties have agreed to an approach that they believe fairly allocates the Settlement Amount between and among the Class Members. On XX, 2014, the Court preliminarily approved the recommended allocation formula and factors.

4. The allocation formula will take into account the hours each Class Member worked as a Server, Bartender or Busser within the Class Period. Each Participating Class Member shall receive a pro-rata distribution of the Net Settlement Amount based upon the sum of their Hours Worked divided by the sum of all Hours Worked of the Class Members.

5. The parties currently estimate that Participating Class Members will receive a gross amount of approximately $.63 for each Hour Worked.

6. Class Counsel will ask the Court to award costs and attorneys' fees in an amount of $160,000.00, which will be paid from the Settlement Amount. In addition, Class Counsel will ask the Court to authorize payment from the Settlement Amount for a payment of not more than $2,500 as service payments for each of the three Class Representatives.

7. Each Class Member who does not request exclusion from the Settlement in accordance with Paragraph F below is deemed to fully and finally release and discharge the Defendants and their predecessors, successors, and assigns, their current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities, and their current and former officers, directors, shareholders, employees, agents and representatives from claims under the IMWL, the IWPCA and the FLSA for any wage violations for time worked from May 9, 2010 through May 8, 2014.

**D.  TO RECEIVE A SETTLEMENT PAYMENT**

In order to receive a payment under the Settlement, no action is required by you. This is because you will automatically be included in the class action unless you opt out as described below.

**E.  NON-RETALIATION**

Defendants understand and acknowledge that they have a legal obligation not to retaliate against any Class Member who elects to participate in the Settlement.

**F.  TO REQUEST EXCLUSION FROM THE SETTLEMENT**

If you do not want to participate in the Settlement and wish to retain your right to pursue your own independent action, you must complete and mail the enclosed Election to Opt Out of Settlement and Class Action Form (enclosed with this Notice as Form A) to the Settlement Administrator:

Tavern Settlement

c/o Kurtzman Carson Consultants, "KCC"

75 Rowland Way, Suite 250

Novato, California 94945

(415)798-5942

In order to be valid, your completed Election to Opt Out of Settlement and Class Action Form must be received by the Settlement Administrator and be postmarked no later than ***, 2014.

If you timely submit an Election to Opt Out of Settlement and Class Action Form, you will not be eligible to receive any of the benefits under the Settlement. You will, however, retain whatever legal rights you may have against Defendants.

**G.  TO OBJECT TO THE SETTLEMENT**

If you do not request exclusion from the Settlement but believe the proposed Settlement is unfair or inadequate in any respect, you may object to the Settlement by filing a written objection with the Court and mailing a copy of your written objection to Class Counsel, Counsel for Defendants, and the Settlement Administrator at the following addresses:

Class Counsel
STEPHAN ZOURAS, LLP
c/o Ryan Stephan
Tavern Settlement Objections
205 N. Michigan Avenue, Suite 2560
Chicago, IL 60601

Settlement Administrator
Tavern Settlement
c/o KCC
75 Rowland Way, Suite 250
Novato, California 94945

2

<u>Defendants' Counsel</u>
James B. Hiller
Brian Roth
GORDON & REES LLP
One North Franklin Street, Suite 800
Chicago, IL 60606

All objections must be signed and include your address, telephone number, and the name of the Litigation. Your objection should clearly explain why you object to the proposed Settlement and must state whether you or someone on your behalf intends to appear at the Final Approval Hearing. All objections must be filed with the Court, and received by Class Counsel and Counsel for Defendants, and postmarked by no later than **XX, 2014.** If you submit a timely objection, you may appear, at your own expense, at the Final Approval Hearing, discussed below.

Any Class Member who does not object in the manner described above shall be deemed to have waived any objections, and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees, litigation costs, the service payment to the Class Representative, the claims process, and any and all other aspects of the Settlement. Regardless of whether you attempt to file an objection, you will be deemed to have released all of the claims against the Released Parties as set forth in Paragraph C.7 above unless you request exclusion from the Settlement in accordance with Paragraph F above.

**H.** <u>**TAXES**</u>

For tax reporting purposes, any payments made pursuant to the Settlement shall be allocated as follows: Fifty percent (50%) of each individual payment constitutes wages, and fifty percent (50%) of each individual payment constitutes liquidated damages. Defendants shall withhold legally required payroll taxes from the portion of the payment that constitutes wages, and shall issue an IRS Form W-2 indicating those amounts, and shall pay the appropriate tax authorities the employer portion of any and all payroll taxes required to be paid in connection with the payment for wages. The payment for liquidated damages shall be reported on IRS Form 1099. Class Members shall be solely responsible for all other liabilities, assessments and penalties, if any, relating to tax payments regarding individual payments to them.

If you have any questions regarding the tax treatment of any payments pursuant to the Settlement, you should consult your own tax advisor.

**I.** <u>**FINAL APPROVAL HEARING ON PROPOSED SETTLEMENT**</u>

The Court will hold a Final Approval Hearing on the fairness and adequacy of the proposed Settlement, the plan of distribution, Class Counsel's request for attorneys' fees and costs, the administrative costs, and the service payment to the Class Representative on **XX, 2014** in Courtroom **2568** of the United States District Court, Northern District of Illinois, located at 219 South Dearborn Street, Chicago, IL 60604. The Final Approval Hearing may be continued without further notice to Class Members. <u>You are **not** required to appear at the hearing to participate in or to opt-out of the Settlement.</u>

**J.** <u>**ADDITIONAL INFORMATION**</u>

This Notice only summarizes the Litigation, the Settlement, and other related matters. For more information, you may review the Court's files, including the detailed Settlement Agreement, which will be on file with the Clerk of the Court. The pleadings and other records in this Litigation including the Settlement Agreement, may be examined at the Records Office of the Clerk of the United States District Court, located at 219 South Dearborn Street, Chicago, IL 60604.

Any questions regarding this Notice or the enclosed forms should be directed to the Settlement Administrator at the address and telephone number listed in Paragraph F, above. If your address changes, or is different from the one on the envelope enclosing this Notice, please promptly notify the Settlement Administrator as instructed in Paragraph K below.

**K.** <u>**IF YOU CHANGE YOUR NAME OR ADDRESS**</u>

If, for future reference and mailings from the Court or Settlement Administrator, you wish to change the name or address listed on the envelope in which the Class Notice was first mailed to you, then you must fully complete, execute, and mail the Change of Name and/or Address Information Form (enclosed with this Notice as Form B).

**L.** <u>**YOUR WORK HISTORY AT TAVERN AT THE PARK**</u>

The amount of your settlement payment is based on the number of Hours Worked you worked for Defendants as a Server, Bartender or Busser during the Class Period.

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

3

U.S. District Court for the Northern District of Illinois
*Frebes, et al. v. Mask Restaurants, et al.*, Case No. 13-CV-3473

**MUST BE POSTMARKED ON OR BEFORE _____ 2014**
**PLEASE TYPE OR PRINT CLEARLY**

I submit this Form to:

\_\_\_\_ NOT participate in (opt out) the Lawsuit and Settlement. I WISH TO OPT OUT OF THE LAWSUIT AND SETTLEMENT. By opting out, I understand that I have the right to pursue claims on my own against Mask Restaurants, LLC, et al., if any. I understand that I will not receive the payment described in the Notice of Settlement. I have had the opportunity to seek the advice of counsel with respect to the legal implications of opting out of the Settlement. I understand that if I do not affirmatively opt out of the Settlement in a timely manner, I will automatically be considered a member of the Lawsuit and be bound by the Settlement, including the release of claims as described in the Notice.

| Name: | |
|---|---|
| Street Address: | |
| City, State, Zip Code: | |
| Daytime Telephone: | Evening Telephone: |
| E-mail Address: | SSN (last 4 digits): |

THIS INFORMATION WILL ONLY BE USED FOR IDENTIFICATION PURPOSES.

I have read the Notice of Settlement and understand the claims alleged and the terms of the Settlement of the above-referenced Lawsuit. Prior to signing this Form, I had the opportunity to ask any questions to the attorneys for the Class Members and the Claims Administrator, whose addresses are set forth in the Notice of Settlement. I understand that I will not be subject to harassment, discrimination or retaliation for opting out of the Settlement or otherwise exercising my legal rights. To the extent that I believe that I am being retaliated against or otherwise treated improperly, I will report the matter to either the Attorneys for the Class Members or for Securitas.

I declare, under penalty of perjury under the laws of the United States of America that all of the information contained in this Opt-Out Form is true and correct and that I have signed this Opt-Out Form on

_____ (Date), at _____ (City/State).

_____
Signature

_____
Type or Print Name

Mail to: Tavern Settlement
c/o Kurtzman Carson Consultants, "KCC"
75 Rowland Way, Suite 250
Novato, California 94945

# CHANGE OF NAME AND/OR ADDRESS INFORMATION FORM

FREBES, ET AL. V. MASK RESTAURANTS, LLC, d/b/a TAVERN AT THE PARK, ET AL.
United States District Court, Northern District of Illinois, Case No. 13-CV-3473

**Instructions:** Please complete this Change of Name and/or Address Information Form **only** if you wish to change your name and/or mailing address information.

### Former name and mailing address:

Name (first, middle and last): _____

Home Street Address: _____

City, State, Zip Code: _____

Home Telephone Number: (_____) _____

Last Four Digits of Social Security Number: _____

### New name and/or mailing address:

Name (first, middle and last): _____

Home Street Address: _____

City, State, Zip Code: _____

Home Telephone Number: (_____) _____

I understand that all future correspondence in this action, including, but not necessarily limited to, important notices or payments to which I am entitled (if any), will be sent to the new address listed above and not to the address previously used. I hereby request and consent to the use of the address listed above for these purposes.

Dated: _____    _____(Signature)

                                                                _____(Print First and Last Name)

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

Tavern at the Park
Settlement c/o
Kurtzman Carson Consultants, "KCC"
75 Rowland Way, Suite 250
Novato, California 94945